IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cr-0011 |
| | ) | |
| HARDIKKUMAR DASHARATHBAI PATEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**BEFORE THE COURT** is Defendant Hardikkumar Dasharathbai Patel's ("Patel") Motion to Appear Remotely. (ECF No. 53.) For the reasons stated below, the Court will grant Defendant's motion.

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress provided certain circumstances under which a sentencing may be conducted by videoconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use videoconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic ("CARES Act order"). In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencings for a period of 90 days. The Chief Judge has extended the initial CARES Act order numerous times, each for another 90-day period unless terminated earlier. The most recent order extends the authorization until September 26, 2022.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, and given the current surge of COVID-19 cases in the Virgin Islands, the indefinite delay of sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once he has been convicted. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than

*USA v. Patel*
Case No. 3:22-cr-0011
Order
Page **3** of **3**

being hindered, would be best served by resolving the issue."). Where a defendant has, as Patel has in this case, consented to sentencing by video teleconferencing through his attorney (*see generally* ECF No. 53), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402. Especially where, as Patel argues, a defendant has already been incarcerated for a period nearing the upper boundary of his guideline sentence. Meaning that the continued delay of Patel's sentencing would lead to what is effectively an unjust extension of his sentence.  These considerations lead the Court to conclude that sentencing Patel by video teleconferencing technology best serves the interests of justice in this matter.

After careful consideration and review, it is hereby

**ORDERED** that Patel's motion, ECF No. 53, to appear at the July 29, 2022 sentencing hearing remotely is **GRANTED**; it is further

**ORDERED** that an invitation for the Teams session will be provided to the parties and counsel of record by the Court; and it is further

**ORDERED** that the public and any individuals not actively participating in this hearing may access the audio of the videoconference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** July 26, 2022                                    /s/ *Robert A. Molloy*
                                                              **ROBERT A. MOLLOY**
                                                              **Chief Judge**